■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v EDWARD MONTILLA, Respondent. [701 NYS2d 55] —Order, Supreme Court, Bronx County (Phylis Skloot Bamberger, J.), entered on or about October 15, 1998, which granted defendant Edward Montilla's motion to suppress physical evidence and his statement to police, reversed, on the law, the motion denied, and the matter remanded for further proceedings.

Any inquiry into the propriety of police conduct must weigh the degree of intrusion it entails against the precipitating and attending circumstances (*People v De Bour*, 40 NY2d 210, 223). The focus of the court's inquiry is whether the police conduct was reasonable in view of the totality of the circumstances (*People v Batista*, 88 NY2d 650, 653; *People v Smith*, 228 AD2d 173, *lv denied* 88 NY2d 1071). Here, the general description of the robbery suspect and his location provided in the radio run, together with the police officer's arrival at the scene within minutes of the crime and his observation of defendant, who matched the description, provided the officer with a common law right to inquire. Defendant's flight before the police could make any inquiry created a reasonable suspicion of criminality justifying the pursuit (*People v Lipsey*, 247 AD2d 246, *lv denied* 91 NY2d 974). Accordingly, the hearing court's suppression of the gun defendant discarded in his flight from the police was in error. Concur—Wallach, Lerner, Rubin and Buckley, JJ.

Ellerin, J. P., dissents and would affirm for the reasons stated by Bamberger, J.