■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD CUMMINGS, Appellant. [738 NYS2d 359] —Appeal by the defendant from a judgment of the County Court, Nassau County (Boklan, J.), rendered July 12, 1999, convicting him of criminal possession of a weapon in the third degree (two counts), unlawful possession of marihuana, and resisting arrest, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the People (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of which he was convicted beyond a reasonable doubt. The People's witnesses established that at approximately 1:30 A.M. on May 24, 1998, Police Officers Parpan and Serrano were on routine motor patrol in Roosevelt, Long Island, when they heard gunshots and saw the defendant and another man running away from the Steer Inn, in front of which a shooting had just occurred. Parpan and Serrano gave chase, and observed the defendant throw what appeared to be a gun over a fence into some bushes. Officer Serrano caught the defendant, arrested him, searched him, and found a bag of marihuana in his pocket. A handgun was subsequently recovered from behind the fence where the officers had seen the defendant throw it.

Issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see, People v Gaimari,* 176 NY 84, 94). The jury's determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (*see, People v Garafolo,* 44 AD2d 86, 88). The jury's determination to credit the testimony of Officers Parpan and Serrano is supported by the record.

The hearing court properly admitted into evidence the handgun found behind the fence in the bushes, where the defendant had deliberately abandoned it (*see, e.g., People v Bloomfield,* 221 AD2d 651; *People v Boodle,* 47 NY2d 398, 404, *cert denied* 444 US 969). Moreover, the discarding of the gun gave Officer Serrano probable cause to arrest the defendant, search him, and seize the marihuana in his pocket (*see, e.g., People v Valentine,* 220 AD2d 708, 709).

The defendant's remaining contentions are either unpreserved for appellate review or without merit (*see, People v Sumpter,* 286 AD2d 450, *lv denied* 97 NY2d 658). Prudenti, P.J., Santucci, Luciano and Schmidt, JJ., concur.