OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 On February 19, 1998, shortly before 11:00 p.m., three plainclothes New York Police Department officers were patrolling 152nd Street, between Broadway and Amsterdam Avenue, a drug-prone area, in an unmarked vehicle. According to police testimony at the suppression hearing, defendant was first observed walking on 152nd Street, with another individual, and looking around nervously. Suspecting that a drug transaction might take place, the officers, in their car, slowly followed the individuals. When defendant first saw the car, his eyes “bulged out.” He continued to walk down the street talking to his companion, but his gaze remained fixed on the police vehicle. As the car came closer, defendant placed his right arm against the side of his bubble jacket bunching it up by reaching underneath with his hand in a cupping motion, reminding the testifying officer of how he himself would sometimes adjust a gun under a jacket. As the police vehicle drew closer, defendant maneuvered in such a way as to keep his right side out of view of the officers until, when the car drove up parallel to the two, defendant abruptly turned and began walking in the opposite direction abandoning his companion, still cradling the side of his coat.
 

 Two officers exited the car and approached defendant displaying their shields, asking if they could talk for a minute. Defendant ran away. Pursuing defendant on foot, one officer saw defendant with a gun in his hand and then observed him throw it into a garbage can as he ran down the sidewalk approaching the intersection of 152nd Street and Broadway. The officers apprehended defendant and recovered the gun.
 

 Supreme Court suppressed the gun and statements made to police. The Appellate Division reversed, holding that the officers’ initial observations gave rise to a “founded suspicion” that defendant may have been engaged in criminal activity, thus creating a common-law right of inquiry under
 
 People v De Bour
 
 (40 NY2d 210 [1976]). The court concluded that defendant’s flight upon the approach of the officers, and the additional suspicion engendered by it, then gave rise to a reasonable suspicion of criminal conduct, justifying pursuit.
 

 
 *527
 
 In
 
 People v Martinez
 
 (80 NY2d 444, 447-448 [1992]), we noted that reasonable suspicion, and not probable cause, continues to be the standard for a police stop or detention short of actual arrest, and that a “defendant’s flight may be considered in conjunction with other attendant circumstances” in determining whether reasonable suspicion justifying a seizure exists. Whether the particular circumstances of a case give rise to reasonable suspicion is a mixed question of law and fact beyond our review if there is support in the record. Here, the record supports the Appellate Division’s conclusion that reasonable suspicion existed justifying the pursuit.
 

 Chief Judge Kaye and Judges Smith, Levine, Ciparick, Wesley, Rosenblatt and Graffeo concur.
 

 Order affirmed in a memorandum.