■ The People of the State of New York, Respondent, v Curly Hernandez, Appellant. [770 NYS2d 316]—

Judgment, Supreme Court, New York County (Thomas Galligan, J.), rendered October 19, 1992, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the first degree, and sentencing him to a term of 15 years to life, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). In a drug-prone neighborhood, defendant exhibited nervous behavior upon the arrival of a marked police car. He repeatedly looked over his shoulder at the officer, making eye contact several times. Defendant, who was wearing a bulky jacket, walked stiffly and braced his arm against his waist, in a manner that suggested that he was concealing an object under his jacket. He quickly entered and left a restaurant known to the officer for drug activity. The totality of these observations gave rise to a founded suspicion that criminal activity was afoot that justified a common-law right to inquire (see People v Pines, 281 AD2d 311 [2001], affd 99 NY2d 525 [2002]). Defendant's immediate flight, before the police could even approach him to make an inquiry, established reasonable suspicion and justified the police pursuit (id.). The police properly recovered the package of cocaine discarded by defendant during his flight.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Mazzarelli, J.P., Andrias, Saxe, Williams and Friedman, JJ.