■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NATHANIEL WILSON, Appellant. [773 NYS2d 95]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (McKay, J.), rendered April 29, 2002, convicting him of criminal possession of a controlled substance in the seventh degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court credited the arresting officer's testimony that the police initially approached the defendant because of his resemblance to an individual portrayed in a police department "wanted" poster, and we find no basis to disturb that credibility determination (*see People v Prochilo,* 41 NY2d 759, 761 [1977]). The officer testified that a wanted poster is generated after an individual is identified as the perpetrator of a crime. Based on the defendant's resemblance to the individual in the wanted poster, the police had, at the very least, the right to approach

him to request information (*see People v Bethea,* 239 AD2d 510 [1997]; *see also People v Jacob,* 202 AD2d 444 [1994]).

The defendant's subsequent flight when the officers asked if they could speak to him provided reasonable suspicion to pursue and stop him (*see People v Woods,* 98 NY2d 627 [2002]; *People v Martinez,* 80 NY2d 444, 447-448 [1992]; *People v Sergeant,* 281 AD2d 438, 439 [2001]), and his abandonment of a weapon during the chase provided the police with probable cause to arrest him (*see People v Wigfall,* 295 AD2d 222, 223 [2002]; *People v Cummings,* 291 AD2d 454, 455 [2002]; *People v Lipsey,* 247 AD2d 246 [1998]). Accordingly, the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress the drugs recovered upon a search of his pockets (*see People v Cummings, supra; People v Valentine,* 220 AD2d 708, 709 [1995]). Florio, J.P., Krausman, Schmidt and Townes, JJ., concur.