THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL RICHARDS, Appellant. [792 NYS2d 625]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Angiolillo, J.), rendered January 28, 1999, convicting him of rape in the first degree (two counts), burglary in the first degree, robbery in the second degree, sexual abuse in the first degree, menacing in the third degree, and unlawful possession of marijuana, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress identification testimony, physical evidence, and statements he made to law enforcement officials.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the police activity undertaken in connection with the events leading up to his arrest was lawful. The hearing court credited the police officers' testimony that the police initially approached the defendant to request identification and to ascertain his purpose for being in the area because of his resemblance to a composite sketch which was based upon one of the victim's descriptions of her assailant (*see People v Wilson*, 5 AD3d 408, 408-409 [2004]).

Considering that several officers noted that the defendant resembled a composite sketch and was walking in the vicinity of the two crime scenes, looking around nervously, the officers had the right to pursue and detain him after he fled upon being approached by an officer (*see People v Pines*, 99 NY2d 525, 526-527 [2002]; *People v Leung*, 68 NY2d 734, 736 [1986]; *People v Green*, 10 AD3d 664 [2004]). Contrary to the defendant's contention, the hearing testimony demonstrated that the defendant engaged in disorderly conduct by fleeing through the street and obstructing vehicular traffic (*see* Penal Law § 240.20), providing a basis for the police to apprehend and arrest him (*see People v Green, supra*; *People v Wilson, supra*).

The defendant contends that the People failed to prove his identity as the perpetrator beyond a reasonable doubt. Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his identity as the perpetrator of the crimes beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (*see People v Gaimari*, 176 NY 84, 94 [1903]). Its determination should not be disturbed unless clearly unsupported by the record (*see People v Garafolo*, 44 AD2d 86, 88 [1974]). Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [2]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are without merit. H. Miller, J.P., Cozier, Rivera and Skelos, JJ., concur.