■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN CHIN, Appellant. [808 NYS2d 661]—

Judgment, Supreme Court, New York County (Charles Solomon, J.), rendered March 30, 2004, convicting defendant, upon

his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of $4^{1}/_{2}$ to 9 years, unanimously affirmed.

The court properly denied defendant's suppression motion. In the early morning hours, on a deserted street in a drug-prone location, the police observed activity they recognized as a possible drug transaction, in which defendant made hand-to-hand contact with another individual who immediately placed his hand in his pocket. Defendant also exhibited nervous behavior upon approach of the police. The totality of these observations gave rise to a founded suspicion that criminal activity was afoot and justified a common-law inquiry (*see e.g. People v Hernandez*, 3 AD3d 325 [2004], *lv denied* 2 NY3d 741 [2004]). When, in addition, the police observed a bulge under defendant's outer clothing at his waistband, they were justified in conducting, at least, a limited patdown (*see e.g. People v Chin*, 192 AD2d 413 [1993], *lv denied* 81 NY2d 1071 [1993]). When defendant resisted the patdown by struggling and attempting to flee, and when in the course of the struggle a package of cocaine immediately became dislodged, the officers' plain view observation of contraband justified defendant's arrest, which led to the lawful recovery of additional contraband (*see People v Bothwell*, 261 AD2d 232 [1999], *lv denied* 93 NY2d 1026 [1999]). Concur—Andrias, J.P., Saxe, Friedman, Gonzalez and Catterson, JJ.