*121 OPINION OF THE COURT
Memorandum.
Judgment of conviction reversed on the law, fine, if paid, remitted and information dismissed.
Defendant was convicted of having violated Penal Law § 240.20 (5) which provides, “A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof. . . [h]e obstructs vehicular or pedestrian traffic. . . Said provision punishes disruptive behavior of a public rather than individual dimension (Provost v City of Newburgh, 262 F3d 146, 157 [2001]). It “applies to words and conduct reinforced by a culpable mental state to create a public disturbance” (People v Tichenor, 89 NY2d 769, 775 [1997]; see also People v Munafo, 50 NY2d 326, 331 [1980]).
In the case at bar, the People’s own proof established the occurrence of an “accident.” The evidence showed that at 10:13 pjvl, the intoxicated pedestrian defendant turned into the path of a patrol car which was approaching from behind him and, after being struck, rolled over the hood onto the ground, got up and began walking. There was no proof of other cars being at the scene at the time. Deputy Quick, who had been driving the patrol car, had defendant sit down and called a supervisor. At the direction of his supervisor, Deputy Quick summoned fire engines and closed down the road. This resulted in a traffic jam with the ensuing public inconvenience and annoyance. Under the circumstances, the “public” dimension of the incident should be deemed too remote to sustain defendant’s conviction (cf. People v Richards, 17 AD3d 489 [2005] [defendant engaged in disorderly conduct by fleeing from the police through the street and obstructing vehicular traffic, after several officers had noted that he resembled a composite sketch of an assailant they were seeking, that he was in the vicinity of the two crime scenes, that he was looking around nervously and that they approached him to request identification and to ascertain his purpose for being in the area]; Beaver v Batrouny, 71 AD2d 821, 822 [1979] [teenaged boys playing touch football in street did not violate Penal Law § 240.20 (5) notwithstanding injury to pedestrian]).
Rudolph, PJ., Angiolillo and Tanenbaum, JJ., concur.