THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARREN CONYERS, Appellant. [853 NYS2d 36]—

Judgment, Supreme Court, Bronx County (Ralph A. Fabrizio, J.), rendered February 23, 2006, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third and fourth degrees, and sentencing him, as a second felony offender, to an aggregate term of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. An officer observed defendant retrieve small objects from under a paint can and exchange them for money. The officer did not see anyone else approach the paint can, which contained 48 bags of drugs, and the People's expert testified that possession of such a large number of bags was indicative of a dealer and not a buyer. Accordingly, there was ample evidence supporting the inference that defendant possessed drugs with intent to sell (*see e.g. People v Robinson*, 26 AD3d 202 [2006], *lv denied* 7 NY3d 762 [2006]). Defendant's acquittal of the sale charges does not warrant a different conclusion (*see People v Freeman*, 298 AD2d 311 [2002], *lv denied* 99 NY2d 582 [2003]). "[T]here

is no good reason why a court should resolve any inconsistency in favor of a defendant rather than the People who, after all, have no right of appellate review of jury acquittals in mixed verdicts." (*People v Rayam*, 94 NY2d 557, 562 [2000].) Although defendant argues that mercy or leniency is an unlikely explanation of the mixed verdict because third degree sale and possession are both class B felonies and normally involve concurrent sentences, he does not explain how a jury would be privy to that information.

The trial court properly modified its *Sandoval* ruling to allow the prosecutor to question defendant about the precluded underlying facts of a prior drug felony conviction, since defendant opened the door to such questions by volunteering the precluded facts (*see People v Green*, 257 AD2d 542, 543 [1999], *lv denied* 93 NY2d 899 [1999]). On direct examination of defendant, defense counsel elicited that defendant's instant arrest occurred in a drug-prone area. When, on cross-examination, the prosecutor asked defendant how he knew that, defendant referred to his prior conviction and proceeded to place before the jury, in a misleading and incomplete fashion, some of the same facts he had successfully sought to keep out. Thus, he cannot be heard to complain about the prosecutor's clarifying questions, which his testimony invited. Concur—Lippman, P.J., Friedman, Williams and Andrias, JJ.