■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOMO DELESLINE, Appellant. [859 NYS2d 440]—

Judgment, Supreme Court, Bronx County (Robert G. Seewald, J., at hearing; David Stadtmauer, J., at jury trial and sentence), rendered April 5, 2006, convicting defendant of three counts of attempted murder in the second degree, and sentencing him to concurrent terms of 25 years, unanimously affirmed.

The court properly exercised its discretion in permitting a detective to provide rebuttal testimony concerning defendant's brother's gang activities. There were issues in the case regarding defendant's brother's involvement in the crime, along with related issues concerning the brother's gang nickname or nicknames and whether he was the same person as an individual described in other testimony, including that of defendant. The detective's testimony was relevant to these issues (*see e.g. People v Cain*, 16 AD3d 288 [2005], *lv denied* 4 NY3d 884 [2005]), and constituted proper rebuttal of evidence introduced by defendant. We do not find this testimony to be inflammatory

or unduly prejudicial, particularly since defendant had also introduced evidence of his brother's gang involvement. Defendant did not preserve his hearsay, Confrontation Clause, or improper-opinion claims regarding the detective's testimony, or his challenge to testimony about the meaning of certain gang body markings, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly denied defendant's motion to suppress physical evidence and statements. The police had reasonable suspicion upon which to detain defendant, based on a combination of a description that was at least sufficient under the circumstances to warrant a common-law inquiry, and defendant's unprovoked flight (*see People v Montilla*, 268 AD2d 270 [2000], *lv dismissed* 95 NY2d 830 [2000]). Defendant's statement was attenuated from a suppressed statement he had made many hours before (*see People v Paulman*, 5 NY3d 122, 130-134 [2005]), and was otherwise voluntary in all respects.

We perceive no basis for reducing the sentence. Concur— Tom, J.P., Mazzarelli, Gonzalez, Sweeny and DeGrasse, JJ.