■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BIENVENIDO COLLADO, Appellant. [900 NYS2d 46]—

Judgment, Supreme Court, New York County (Herbert J. Adlerberg, J.H.O., at suppression hearing; James A. Yates, J., at suppression decision; William A. Wetzel, J., at plea; Ronald A. Zweibel, J., at trial and sentence), rendered July 31, 2008, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the fourth degree, and also convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him to concurrent terms of 5½ years and 6½ years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. Police officers noticed that defendant physically resembled a sketch of a person who had committed a rape two days before, and that he was near a subway station where someone had been using the rape victim's MetroCard. An officer specifically testified that, from his vantage point, defendant actually looked like the person in the sketch (see People v Joseph, 10 AD3d 580 [2004], lv denied 3 NY3d 740 [2004]). Having viewed the sketch and defendant's arrest photo, we perceive no basis to discredit the officer's testimony. We need not determine whether the police had reasonable suspicion to stop and frisk defendant (see People v Baker, 264 AD2d 692, 692 [1999], lv denied 94 NY2d 901 [2000]). Even if the police were only authorized to conduct a common-law inquiry at that point, their level of suspicion was elevated to reasonable suspicion for a stop and frisk when defendant "actively fled from the police" (People v Moore, 6 NY3d 496, 500-501 [2006]). Defendant, who had been in the process of entering a cab, made eye contact with one of the officers and, instead of departing in the cab, immediately ran into a store. On appeal, defendant argues that his flight was equivocal because the officers were in plain clothes and in an unmarked car, and he could have been fleeing because mysterious strangers were staring at him. However, the circumstances permitted the officers to reasonably conclude that the most likely explanation for defendant's behavior was that he had recognized them as the police (see e.g. People v Byrd, 304 AD2d 490 [2003], lv denied 100 NY2d 579 [2003]; People v Pines, 281 AD2d 311, 311-312 [2001], affd 99 NY2d 525 [2002]; People v Randolph, 278 AD2d 52 [2000], lv denied 96 NY2d 762 [2001]; People v Ward, 201 AD2d 292 [1994], lv denied 84 NY2d 834 [1994]). Given the violent nature of the crime the officers reasonably suspected defendant had committed, they were authorized to frisk defendant to ensure their safety (see People v Mack, 26 NY2d 311, 317 [1970], cert denied 400 US 960 [1970]).

We perceive no basis for reducing the sentence. Concur—Nardelli, J.P., McGuire, Acosta, Freedman and Román, JJ.