■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY BREWER, Also Known as STANLEY WATSON, Also Known as SEDRICK WATSON, Appellant. [901 NYS2d 384]—

Appeal by the defendant from a judgment of the Supreme

Court, Westchester County (Adler, J.), rendered August 2, 2007, convicting him of burglary in the second degree (10 counts) and criminal possession of stolen property in the fifth degree (2 counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (DiBella, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, his arrest was supported by probable cause and, therefore, that branch of his motion which was to suppress physical evidence was properly denied. Police Officer Josef Miedreich testified at the hearing that when he saw the defendant and the codefendant walking in the area where numerous residential burglaries had been occurring, he recognized them from their depiction in a wanted poster and still photographs taken from surveillance video footage in buildings where the burglaries had occurred, giving him, at a minimum, a common-law right of inquiry (*see People v Hollman*, 79 NY2d 181, 184-185 [1992]; *People v Joseph*, 10 AD3d 580 [2004]; *People v Wilson*, 5 AD3d 408 [2004]; *People v Bethea*, 239 AD2d 510 [1997]). When Officer Miedreich approached them, his suspicions were further aroused when, in response to his question as to where they were headed, the codefendant said they were going to his car, but then pointed in the direction opposite the one in which they had been headed (*see People v Scott-Heron*, 11 AD3d 364 [2004]). Other police officers then arrived at the scene, and in response to a request for identification, the defendant reached into his back pocket, and the officers observed a watch fall out of his pocket, despite the fact that he was wearing a watch on his wrist. At that point the police had probable cause to believe that the defendant and the codefendant were the burglars (*see* CPL 70.10 [2]).

The defendant's arguments concerning a conflict of interest and ineffective assistance of counsel are based on matter dehors the record and, therefore, cannot be reviewed on direct appeal (*see People v Finch*, 279 AD2d 588 [2001]; *People v Joseph*, 266 AD2d 237 [1999]).

Finally, the defendant's contention that he was deprived of a fair trial by certain comments made by the prosecutor during summation is unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, is without merit (*see People v DeRosa*, 137 AD2d 612 [1988]). Mastro, J.P., Santucci, Chambers and Roman, JJ., concur.