■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN DENT, Appellant. [941 NYS2d 625]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at suppression hearing; Ruth Pickholz, J., at jury trial and sentencing), rendered June 1, 2010, convicting defendant of criminal possession of a controlled substance in the third and fifth degrees, and sentencing him, as a second felony drug offender whose prior felony conviction was a violent felony, to an aggregate term of six years, unanimously affirmed.

The hearing court properly denied defendant's motion to suppress the cocaine recovered from his person. The court found that defendant's resemblance to a person depicted in a wanted poster was "uncanny," even though defendant turned out not to be that person. The record establishes that the closeness of the resemblance outweighed other factors such as a height difference between defendant and the person in the wanted poster, and the lack of spatial or temporal proximity to the crime that formed the basis for the poster. Accordingly, the resemblance, coupled with defendant's immediate flight, warranted an inference that defendant was the person in the poster, and provided reasonable suspicion for a stop and frisk (*see People v Collado*, 72 AD3d 614 [2010], *lv denied* 15 NY3d 850 [2010]; *People v Wilson*, 5 AD3d 408 [2004], *lv denied* 2 NY3d 809 [2004]). De-

fendant's violent struggle with the police raised the level of suspicion to probable cause.

Defendant's ineffective assistance of counsel claim is unreviewable on direct appeal because it involves matters of strategy not reflected in the record (*see People v Love,* 57 NY2d 998 [1982]). On the existing record, to the extent it permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento,* 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington,* 466 US 668 [1984]). Defendant has failed to demonstrate "the absence of strategic or other legitimate explanations" (*People v Rivera,* 71 NY2d 705, 709 [1988]) for his counsel's failure to request submission of seventh-degree possession as a lesser included offense of third-degree possession. In any event, regardless of whether counsel should have made that request, defendant has not established that this omission deprived him of a fair trial or affected the outcome of the case.

Defendant's general objection failed to preserve his claim that the trial court erroneously admitted a statement that had been suppressed by the hearing court, and we decline to review it in the interest of justice (*see People v Tevaha,* 84 NY2d 879 [1994]). As an alternate holding, we find that the error was harmless (*see People v Crimmins,* 36 NY2d 230 [1975]). Concur—Saxe, J.P., Sweeny, Moskowitz, Renwick and Abdus-Salaam, JJ.