Judgment, Supreme Court, New York County (Laura Ward, J., at suppression hearing; Bruce Allen, J., at plea and sentencing), rendered June 2, 2011, as amended June 23, 2011, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of three years, unanimously affirmed.
*596 The court properly denied defendant’s motion to suppress a pistol he discarded while fleeing from the police. Defendant’s flight, coupled with circumstances providing a founded suspicion of criminality, warranted police pursuit (see e.g. People v Pines, 281 AD2d 311 [1st Dept 2001], affd 99 NY2d 525 [2002]).
Late at night, the police received a radio report that three men had committed a robbery and fled into a particular park. The description of the robbers was limited to their race, gender and number. The officers were familiar with a pattern of activity whereby criminals would evade the police by crossing this park and emerging on its other side. The officers went to the other side of the park and saw defendant and two other men, who met this limited description, at a location that was consistent with their having just crossed the park and emerged on its other side. There was no one else on the street at that time. Accordingly, despite the limitations of the description, the officers had a founded suspicion that these men might be the three robbers (see People v Montilla, 268 AD2d 270 [1st Dept 2000], appeal dismissed 95 NY2d 830 [2000]).
When the officers turned their car around and began to get out of the car to approach the three men, defendant fled, while holding his hand in his pocket. These circumstances elevated the level of suspicion to reasonable suspicion of criminality and justified pursuit. Although the officers were in plainclothes in an unmarked car, the circumstances permitted the officers to reasonably infer that defendant fled because he realized he was in the presence of the police. We have repeatedly observed that the circumstances of a case may indicate that a suspect recognized the police, even where the officers were neither in uniform nor in a marked car (see People v Collado, 72 AD3d 614 [1st Dept 2010], lv denied 15 NY3d 850 [2010], and cases cited therein). Moreover, there was testimony that the unmarked Chevy Impala “stand[s] out as the usual unmarked police vehicle.” Concur—Mazzarelli, J.P., Renwick, Richter and Gische, JJ.