Appeal by the defendant from a judgment of the Supreme Court, Kings County (Parker, J.), rendered January 5, 2011, convicting him of criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Mangano, Jr., J.), of that branch of the defendant’s omnibus motion which was to suppress physical evidence.
Ordered that the judgment is affirmed.
The hearing court credited the arresting officer’s testimony that he initially approached the defendant because of his resemblance to an individual wanted by the police, based on that individual’s “mug shot” photograph. We find no basis to disturb that credibility determination (see People v Wilson, 5 AD3d 408 [2004]). Based on the defendant’s resemblance to the wanted individual, the police had, at the very least, the right to approach him to request information (see id.; People v Bethea, 239 AD2d 510 [1997]; cf. People v Fields, 195 Misc 2d 84, 87-88 [2003]), and based on the defendant’s presence in an area the wanted individual was known to frequent, the police had the common-law right to inquire (see People v Brewer, 73 AD3d 1199, 1200 [2010]; see also People v Smith, 220 AD2d 219 [1995]).
The defendant’s subsequent flight when the officers asked if they could speak to him provided reasonable suspicion to pursue and stop him (see People v Soscia, 96 AD3d 1081 [2012]; People v Dent, 94 AD3d 536, 536-537 [2012]; People v Wilson, 5 AD3d at 408; cf. People v Ross, 251 AD2d 1020, 1021-1022 [1998]), and his abandonment of a gun during the chase therefore was not a result of improper police activity (see People v Martinez, 80 NY2d 444, 448-449 [1992]; People v Rogers, 92 AD3d 903, 904 [2012]). Accordingly, the hearing court properly denied that branch of the defendant’s omnibus motion which was to suppress the gun.
The defendant concedes that the verdict was not repugnant *746 (see e.g. People v Tucker, 55 NY2d 1, 6-7 [1981]), but argues that it was irrational and, therefore, against the weight of the evidence. Although the verdict appears to have been motivated by leniency, this fact is not grounds for reversal provided the verdict is not repugnant as a matter of law (see People v Donovan, 58 AD3d 640, 641 [2009]; People v Vitta, 220 AD2d 468 [1995]; People v Farrell, 190 AD2d 746, 747-748 [1993]; People v Montgomery, 116 AD2d 669, 670 [1986]). Further, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the opportunity of the trier of fact to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]; People v Birot, 99 AD3d 933, 934 [2012]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
Contrary to his contention, the defendant did not establish his prima facie entitlement to a missing witness charge (see People v Lopez, 19 AD3d 510, 512 [2005]). As the record shows, when the uncalled witness, a police officer, arrived on the scene, he was involved in the apprehension of another individual and was not present at the time the defendant was apprehended. Therefore, the uncalled witness would not have been able to describe the encounter (see People v Dianda, 70 NY2d 894 [1987]; People v Lopez, 19 AD3d at 512; cf. People v Kitching, 78 NY2d 532, 538 [1991]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Angiolillo, Dickerson and Hinds-Radix, JJ., concur.