(March 7, 2013)

■ The People of the State of New York, Respondent, v Donald Lacy, Appellant. [960 NYS2d 407]—

Judgment, Supreme Court, New York County (Edward J. McLaughlin, J., at suppression hearing; Roger S. Hayes, J., at plea and sentencing), rendered December 4, 2009, convicting defendant of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of seven years, unanimously affirmed.

The court properly denied defendant's suppression motion. Late at night, the police received a report of shots fired. Five minutes later the officers received a second report describing an armed black man, wearing a blue and white shirt, two blocks from the location specified in the first report. Several minutes after that, the police observed defendant, who matched the radioed description, with two or three other men, on a deserted

street just two blocks from the location specified in the second radio transmission.

It was plainly reasonable to conclude that the two calls were related. The spatial and temporal proximity to the reported firing of shots, and the fact that defendant matched the description, gave rise to a founded suspicion that defendant might be the person who had fired the shots. The general description was at least sufficient under the circumstances to warrant a common-law inquiry (*see People v Montilla*, 268 AD2d 270 [1st Dept 2000], *appeal dismissed* 95 NY2d 830 [2000]).

The two officers were in uniform, and were both sitting in the front seat of an unmarked Crown Victoria. When the officers drove toward defendant the wrong way on a one-way street, defendant immediately fled before the police could even approach him to make an inquiry. This elevated the level of suspicion to reasonable suspicion, justifying pursuit (*see e.g. People v Pines*, 281 AD2d 311 [1st Dept 2001], *affd* 99 NY2d 525 [2002]). The circumstances permitted the officers to reasonably infer that defendant fled because he realized he was in the presence of the police. We have repeatedly observed that the circumstances of a case may indicate that a suspect recognized the police, even where the officers were neither in uniform nor in a marked car (*see People v Collado*, 72 AD3d 614 [1st Dept 2010], *lv denied* 15 NY3d 850 [2010], and cases cited therein). Concur—Tom, J.P., Mazzarelli, Andrias, DeGrasse and Román, JJ.