■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RASHID BILAL, Appellant. [987 NYS2d 364]—

Judgment, Supreme Court, New York County (Robert M. Stolz, J.), rendered December 15, 2010, convicting defendant, after a jury trial, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously affirmed. Order, same court and Justice, entered on or about August 9, 2013, which denied defendant's CPL 440.10 motion to vacate the judgment, unanimously affirmed.

Defendant was not deprived of effective assistance of counsel. Although counsel's failure to move to suppress the weapon had no strategic justification but was based on a misunderstanding of the law, that error did not cause defendant any prejudice under the state or federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]).

The CPL 440.10 motion court (*People v Bilal*, 41 Misc 3d 1203[A], 2013 NY Slip Op 51568[U] [Sup Ct, NY County 2013])

correctly determined, based on undisputed material facts, that defendant would not have prevailed on a suppression motion. Unlike the situation in *People v Clermont* (22 NY3d 931 [2013]), this was not a "close" suppression issue (*id.* at 934) where a properly litigated motion might have been successful, or where a suppression hearing is now warranted in the interest of fairness. Instead, the undisputed facts establish that, when added to the information already known to the police, defendant's flight created reasonable suspicion warranting pursuit (*see People v Moore*, 6 NY3d 496, 500-501 [2006]; *see also People v Collado*, 72 AD3d 614 [1st Dept 2010], *lv denied* 15 NY3d 850 [2010]), and that the seizure was lawful, in any event, under the doctrine of abandonment (*see People v Boodle*, 47 NY2d 398, 402 [1979], *cert denied* 444 US 969 [1979]).

Turning to defendant's direct appeal, we perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Moskowitz, DeGrasse, Manzanet-Daniels and Kapnick, JJ.