■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN BUSH, Appellant. [11 NYS3d 589]—

Judgment, Supreme Court, New York County (Ronald A. Zweibel, J.), rendered July 25, 2013, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a term of five years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing.

The court properly denied defendant's suppression motion. On a block that was particularly prone to shootings, an officer

saw defendant using both hands to adjust an object about the size of a brick against his chest, under his sweatshirt. Based on his experience, the officer believed that defendant may have been carrying a weapon. When defendant "locked eyes" with the officer, he appeared "very frightened, like his eyes widened," and he immediately stopped adjusting the object on his chest and dropped his arms to his sides. This behavior evinced a consciousness of guilt that went beyond mere nervousness, and, when added to the prior observations, it gave the officer a founded suspicion of criminality, thereby justifying a common-law inquiry (*see Matter of Steven McC.*, 304 AD2d 68, 72-73 [1st Dept 2003], *lv denied* 100 NY2d 511 [2003]; *People v Pines*, 281 AD2d 311 [1st Dept 2001], *affd* 99 NY2d 525 [2002]). Defendant's immediate flight, before the police could even approach him to make an inquiry, established reasonable suspicion and justified the police pursuit, during which defendant discarded a pistol (*see People v Hernandez*, 3 AD3d 325 [1st Dept 2004], *lv denied* 2 NY3d 741 [2004]). The record also supports the court's alternative finding that, regardless of the legality of the police pursuit, the seizure was lawful under the doctrine of abandonment (*see People v Boodle*, 47 NY2d 398, 402 [1979], *cert denied* 444 US 969 [1979]).

Although defendant was convicted of an armed felony, he was potentially eligible for youthful offender treatment pursuant to the mitigation provisions of CPL 720.10 (3). Accordingly, under *People v Rudolph* (21 NY3d 497, 501 [2013]), the court was required to make a youthful offender determination (*see People v Flores*, 116 AD3d 644 [1st Dept 2014]). Concur—Acosta, J.P., Renwick, Moskowitz, Manzanet-Daniels and Feinman, JJ.