*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  June 18, 2015                    105942
_____

THE PEOPLE OF THE STATE OF
    NEW YORK,
                    Respondent,

          v                                  MEMORANDUM AND ORDER

QUASIM HENRY,
                    Appellant.
_____

Calendar Date:  April 28, 2015

Before:  Peters, P.J., Lahtinen, McCarthy and Rose, JJ.

                    _____

          Mitch Kessler, Cohoes, for appellant.

          D. Holley Carnright, District Attorney, Kingston (Paul
DerOhannesian of counsel), for respondent.

                    _____

Rose, J.

          Appeal from a judgment of the County Court of Ulster County
(Williams, J.), rendered April 4, 2013, upon a verdict convicting
defendant of the crimes of criminal sale of a controlled
substance in the third degree and criminal possession of a
controlled substance in the fourth degree.

          Defendant was arrested after he sold crack cocaine to a
confidential informant (hereinafter the CI) in a "buy and bust"
operation.  Following a jury trial, he was convicted of criminal
sale of a controlled substance in the third degree and criminal
possession of a controlled substance in the fourth degree, but he
was acquitted of a charge of criminal possession of a controlled
substance in the third degree.  County Court sentenced him, as a
prior felony offender, to an aggregate prison term of eight

years, followed by three years of postrelease supervision.  He appeals, and we affirm.

Defendant contends that, because he was acquitted of the charge of criminal possession of a controlled substance in the third degree, which requires proof of possession of a narcotic drug "with intent to sell it" (Penal Law § 220.16 [1]), the verdict finding him guilty of criminal sale of a controlled substance in the third degree (see Penal Law § 220.39 [1]) is factually inconsistent and, therefore, against the weight of the evidence.  He concedes, however, that the verdict is not repugnant.  In such a situation, the Court of Appeals has noted that "it is imprudent to speculate concerning the factual determinations that underlay the verdict because what might appear to be an irrational verdict may actually constitute a jury's permissible exercise of mercy or leniency" (People v Horne, 97 NY2d 404, 413 [2002]; accord People v Yanayaco, 99 AD3d 416, 417 [2012], lv denied 20 NY3d 1105 [2013]).

Here, police officers searched the CI and his vehicle prior to the transaction, provided him with prerecorded buy money and kept him under surveillance.  Defendant arrived at the meeting place that had been arranged during a controlled phone call and entered the CI's vehicle.  Upon hearing the CI state the previously agreed-upon phrase indicating completion of the sale, the officers rapidly approached the vehicle and placed defendant and the CI into custody.  The prerecorded buy money was found on defendant's person and the CI had a plastic baggie containing more than seven grams of crack cocaine.  Defendant was later videotaped admitting to possession of the crack cocaine and giving it to the CI in exchange for money.  Despite defendant's denial at trial that he sold drugs and his claim that the CI gave him money to pay off a debt, there was ample evidence supporting the verdict and, deferring to the jury's ability to view the witnesses and observe their demeanor, we find no basis to disturb the verdict as against the weight of the evidence, notwithstanding its logical inconsistency (see People v Barrow, 103 AD3d 745, 745-746 [2013], lv denied 21 NY3d 941 [2013]; People v Conyers, 48 AD3d 362, 362-363 [2008], lv denied 10 NY3d 933 [2008]).

Nor do we find any error by County Court in modifying its Sandoval ruling. The court originally limited the People to inquiring into whether defendant had been convicted in 2003 of a class D felony without reference to the underlying facts. Nevertheless, defense counsel referenced the fact that the conviction was related to cocaine possession during his opening statement and claimed that defendant underwent treatment and "does not use cocaine anymore." The People thereafter requested that the Sandoval ruling be modified so as to allow them to question defendant about the cocaine possession, but County Court reserved decision pending defendant's direct testimony. On his direct examination, defendant portrayed the conviction as only having been related to his use of cocaine and testified that he "went to rehab and outpatient program for [his] cocaine." Rather than being solely related to his use of cocaine, however, the underlying facts of the conviction reflect that defendant had possessed over 14 separate twists of crack cocaine at the time of his arrest, he attempted to conceal the drugs in his anus when confronted by the police, and he was found to be in possession of a notebook converting grams to ounces. Inasmuch as defendant affirmatively put certain facts about the prior conviction before the jury, but did so "in a misleading and incomplete fashion," we find no abuse of discretion by County Court in allowing the People to clarify the nature of the conviction (People v Conyers, 48 AD3d at 363; see People v Alicea, 276 AD2d 915, 916 [2000], lv denied 96 NY2d 780 [2001]; People v Marsh, 248 AD2d 743, 744-745 [1998], lvs denied 92 NY2d 856, 860 [1998]; see also People v Fardan, 82 NY2d 638, 646 [1993]). Further, County Court gave specific limiting instructions to the jury that the proof regarding defendant's prior conviction could not be considered as to whether he had a propensity to commit any particular crime and, instead, it could only be considered on the issue of defendant's credibility (see People v Fardan, 82 NY2d at 646-647; People v Schwerbel, 224 AD2d 830, 831 [1996]).

Defendant also contends that it was improper for the People to question him on cross-examination regarding why he had waited until trial to first make his claims that the CI had given him the money in repayment of a debt and that the police had then coerced his videotaped statement. Because defendant failed to object to this cross-examination at the time, his contention on

appeal is not preserved for our review (see CPL 470.05 [2]; People v Rebollo, 107 AD3d 1059, 1061 [2013]; People v Houck, 101 AD3d 1239, 1240 [2012]).  In any event, the People's questions did not implicate defendant's right to remain silent inasmuch as, after having received his Miranda warnings, defendant did not remain silent.  Instead, he proceeded to relate his version of events (compare People v De George, 73 NY2d 614, 617 [1989]). Accordingly, the People's questions concerning defendant's failure to include his claim concerning the money in his statement to the police, as well as his failure to claim that his statement was coerced, constituted proper impeachment (see People v Savage, 50 NY2d 673, 677-679 [1980], cert denied 449 US 1016 [1980]).

Finally, we are unpersuaded that defendant was denied the effective assistance of counsel.  The elicitation of evidence that opened the door to modification of the Sandoval ruling was clearly a strategic choice by counsel, and defendant's disagreement in hindsight with that strategy does not establish that he received less than meaningful representation (see People v Flores, 84 NY2d 184, 187 [1994]; People v Odom, 53 AD3d 1084, 1087 [2008], lv denied 11 NY3d 792 [2008]; People v Salaam, 46 AD3d 1130, 1132 [2007], lv denied 10 NY3d 816 [2008]).  The failure to object to testimony regarding the CI's use of the prearranged phrase to indicate that a sale had been completed did not constitute ineffective assistance of counsel, because this testimony simply provided background information as to how and why the police confronted defendant and, accordingly, a hearsay objection would not have been successful (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Coker, 121 AD3d 1305, 1306 [2014]; People v Petrie, 3 AD3d 665, 666 [2004]).  Nor can we fault counsel for failing to object to the cross-examination concerning the alleged coercion of his statement to the police since, as we have said, we find nothing improper about that line of questioning (see People v Stultz, 2 NY3d 277, 287 [2004]; People v Campbell, 17 AD3d 925, 926 [2005], lv denied 5 NY3d 760 [2005]).  As for the questions about defendant's tattoos, even if we were to assume that they were irrelevant and prejudicial, they were limited, and we cannot conclude that the failure to object to them rendered the trial unfair (see People v Briskin, 125 AD3d 1113, 1122 [2015]; People v Jordan, 99 AD3d 1109, 1110 [2012], lv

denied 20 NY3d 1012 [2013]; People v Morgan, 24 AD3d 950, 953 [2005], lv denied 6 NY3d 815 [2006]).  Considering the totality of the circumstances and viewing them as of the time of representation, the record reflects that counsel pursued a legitimate strategy, vigorously cross-examined the People's witnesses, delivered cogent opening and closing statements and obtained an acquittal on one of the charges; accordingly, counsel provided meaningful representation (see People v Benevento, 91 NY2d 708, 712 [1998]; People v Jordan, 99 AD3d at 1110-1111; People v Curry, 294 AD2d 608, 611 [2002], lv denied 98 NY2d 674 [2002]).

Peters, P.J., Lahtinen and McCarthy, JJ., concur.

ORDERED that the judgment is affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court