■ The People of the State of New York, Respondent, v Wendell Reyes, Appellant. [40 NYS3d 265]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J., at suppression hearing; Ralph A. Fabrizio, J., at jury trial and sentencing), rendered April 12, 2013, convicting defendant of criminal possession of a weapon in the second degree (two counts) and criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to an aggregate term of 12 years, unanimously affirmed.

The court properly denied defendant's suppression motion. The record supports the hearing court's finding that defendant lacked standing to seek suppression of a firearm that he deposited in his fiancée's family's house. Defendant had far less than "unfettered access" to the house (*see People v Leach*, 21 NY3d 969, 971 [2013]); on the contrary, defendant, who was

estranged from his fiancée's family, was not even permitted to enter the house if his fiancée's mother was at home. The record also supports the court's alternative finding that the police conduct was lawful in all respects. Defendant met a detailed radioed description of a man with a handgun, and his flight from a lawful common-law inquiry created reasonable suspicion of criminality justifying pursuit (*People v Martinez*, 80 NY2d 444, 448 [1992]; *People v Leung*, 68 NY2d 734, 736 [1986]).

The court properly declined to submit fourth-degree criminal possession of a weapon as a lesser included offense of the second and third-degree counts. There was no reasonable view of the evidence, under any of the theories posited by defendant, that would support a finding that defendant committed the lesser offense but not the greater offenses (*see generally People v Glover*, 57 NY2d 61, 63 [1982]).

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Sweeny, Richter, Manzanet-Daniels and Webber, JJ.