Matter of Joshua D. (2018 NY Slip Op 07051)





Matter of Joshua D.


2018 NY Slip Op 07051


Decided on October 23, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018

Renwick, J.P., Richter, Kahn, Gesmer, Singh, JJ.


7417

[*1]In re Joshua D., A Person Alleged to be a Juvenile Delinquent, Appellant. Presentment Agency


Dawne A. Mitchell, The Legal Aid Society, New York (Raymond E. Rogers of counsel), for appellant.
Zachary W. Carter, Corporation Counsel, New York (Rebecca L. Visgaitis of counsel), for presentment agency.



Order of disposition, Family Court, New York County (Stewart H. Weinstein, J.), entered on or about May 3, 2017, which adjudicated appellant a juvenile delinquent upon his admission that he committed an act that, if committed by an adult, would constitute the crime of criminal possession of stolen property in the fourth degree, and placed him with the Administration for Children's Services' Close to Home program for a period of 12 months, unanimously affirmed, without costs.
Appellant's suppression motion was properly denied. There is no basis for disturbing the motion court's credibility determinations, which were supported by the record (see People v Prochilo, 41 NY2d 759, 761 [1977]). Police officers responding to a report of a robbery encountered appellant and another person, who matched a joint description (see e.g. People v Allen, 280 AD3d 270 [1st Dept 2001], lv denied 96 NY2d 797 [2001]) of the two suspects, particularly with regard to the specific combination of colors of the hoodies involved in the description. Given the very close temporal and spatial proximity of this encounter to the reported robbery, and the absence of other pedestrians in the area, the limited description was sufficiently specific to at least permit the officers to conduct a lawful common-law inquiry (see People v Lacy, 104 AD3d 422, 423 [1st Dept 2013], lv denied 21 NY3d 1005 [2013]; People v Pitman, 102 AD3d 595, 596 [1st Dept 2013], lv denied 21 NY3d 1018 [2013]). These observations, along with appellant's immediate flight upon being approached by the police and the officers' observation of a large bulge under his hoodie, provided reasonable suspicion to justify the police pursuit, during which appellant discarded a
purse he was carrying (see e.g. People v Reyes, 144 AD3d 463, 464 [1st Dept 2016], lv denied 28 NY3d 1150 [2017]; People v Bush, 129 AD3d 537 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 23, 2018
CLERK