People v Smith (2022 NY Slip Op 04248)

People v Smith

2022 NY Slip Op 04248

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, LINDLEY, AND CURRAN, JJ.

394 KA 17-01118

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANTHONY T. SMITH, DEFENDANT-APPELLANT. 

BRIDGET L. FIELD, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Douglas A. Randall, J.), rendered January 24, 2017. The judgment convicted defendant upon a plea of guilty of attempted robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a plea of guilty of attempted robbery in the second degree (Penal Law §§ 110.00, 160.10 [1]). We agree with defendant that County Court incorrectly characterized the waiver of the right to appeal as an absolute bar to the taking of an appeal, and we therefore conclude that the colloquy was insufficient to ensure that defendant knowingly, voluntarily, and intelligently waived his right to appeal (see People v Thomas, 34 NY3d 545, 564-567 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]).
Nevertheless, we reject defendant's further contention that the court erred in summarily denying that part of his omnibus motion seeking to suppress, as the products of an unlawful search and seizure, a silver handgun and a backpack that defendant and a codefendant discarded while fleeing from the police. It is well settled that a motion to suppress evidence on such a ground may be summarily denied if defendant does not allege a proper legal basis for suppression or if the "sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [b]; see People v Mendoza, 82 NY2d 415, 421 [1993]). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and defendant's access to information" (Mendoza, 82 NY2d at 422; see People v Jones, 95 NY2d 721, 725 [2001]).
Here, the allegations in defendant's moving papers are insufficient to warrant a hearing. The information that the People provided to the defense established that a police officer, who was already present at a location due to an unrelated earlier incident, observed defendant and another man jumping over a fence while running toward the officer. When defendant saw the officer, he jumped back over the fence and ran the other way. Immediately thereafter, the officer heard a radio report of a robbery that had just occurred at the location from which defendant was first seen running. It is well settled that "a 'defendant's flight may be considered in conjunction with other attendant circumstances' in determining whether reasonable suspicion justifying a seizure exists" (People v Pines, 99 NY2d 525, 527 [2002], quoting People v Martinez, 80 NY2d 444, 448 [1992]). Consequently, the officer's observations and the radio report provided "reasonable suspicion that defendant may have been engaged in criminal activity justifying police pursuit" (People v Cruz, 14 AD3d 730, 732 [3d Dept 2005], lv denied 4 NY3d 852 [2005]). Defendant's abandonment of a weapon during that pursuit provided the police with probable cause to arrest him (see People v Wilson, 5 AD3d 408, 409 [2d Dept 2004], lv denied 2 NY3d 809 [2004]). In his moving papers, however, defendant merely alleged that he was of a different [*2]race than the description of one of the perpetrators that the victim provided in the initial robbery report. The racial characteristics of the perpetrators were not relied upon by the officers who pursued and stopped defendant, thus defendant's allegations did not contravene any of the information possessed by the officers. Therefore, in his moving papers, defendant failed to "raise a factual dispute on a material point which must be resolved before the court [could] decide the legal issue" (People v White, 192 AD3d 1539, 1539 [4th Dept 2021] [internal quotation marks omitted]; see Mendoza, 82 NY2d at 422; People v Davis, 142 AD3d 1387, 1387 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]).
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court