People v Forbes (2025 NY Slip Op 07192)

People v Forbes

2025 NY Slip Op 07192

Decided on December 23, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, OGDEN, GREENWOOD, AND DELCONTE, JJ.

941 KA 14-01487

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ROBERT A. FORBES, JR., DEFENDANT-APPELLANT. (APPEAL NO. 2.) 

ADAM AMIRAULT, BUFFALO, FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Monroe County Court (Christopher S. Ciaccio, J.), rendered May 30, 2014. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree (four counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In these consolidated appeals, defendant appeals in appeal No. 1 from a judgment convicting him, upon his plea of guilty, of grand larceny in the fourth degree (Penal Law § 155.30 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of four counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). In appeal No. 3, defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a controlled substance in the third degree (§ 220.16 [1]) and criminally using drug paraphernalia in the second degree (§ 220.50 [2]). The three pleas were entered in a single plea proceeding. We affirm in each appeal.
Defendant contends in appeal No. 2 that Supreme Court (Affronti, J.) erred in summarily denying that part of his omnibus motion seeking to suppress, among other things, tangible evidence, including two handguns that defendant discarded while he was fleeing from the police, as the products of an unlawful search and seizure. We reject that contention.
A motion to suppress tangible evidence on the ground that it was obtained by means of an unlawful search and seizure may be summarily denied if the defendant's motion papers do not allege a proper "legal basis" for suppression or if "[t]he sworn allegations of fact do not as a matter of law support the ground alleged" (CPL 710.60 [3] [a], [b]; see People v Mendoza, 82 NY2d 415, 421 [1993]; People v Collier, 238 AD3d 1530, 1531 [4th Dept 2025], lv denied 44 NY3d 981 [2025]; People v Smith, 207 AD3d 1066, 1066 [4th Dept 2022], lv denied 39 NY3d 942 [2022]; People v Davis, 142 AD3d 1387, 1387 [4th Dept 2016], lv denied 28 NY3d 1144 [2017]). "Hearings are not automatic or generally available for the asking by boilerplate allegations. Rather, . . . factual sufficiency [is to] be determined with reference to the face of the pleadings, the context of the motion and [the] defendant's access to information" (Mendoza, 82 NY2d at 422). "[C]onclusory allegations of a general constitutional violation or lack of probable cause are of no avail in meeting the statutory requirements for entitlement to a hearing" (People v Jones, 95 NY2d 721, 726 [2001]).
Here, the allegations in defendant's moving papers were insufficient to warrant a hearing (see Smith, 207 AD3d at 1067; Davis, 142 AD3d at 1387-1388). Despite having the opportunity to do so, defendant failed to adequately address the People's assertion, as supported by their submissions in opposition, that the police conduct was "justified in its inception and at every subsequent stage of the encounter" (People v Nicodemus, 247 AD2d 833, 835 [4th Dept 1998], lv denied 92 NY2d 858 [1998], citing People v De Bour, 40 NY2d 210, 215 [1976]; see generally [*2]People v Sierra, 83 NY2d 928, 929-930 [1994]; People v Jordan, 156 AD3d 1448, 1450 [4th Dept 2017], lv denied 31 NY3d 984 [2018]; People v Ralston, 303 AD2d 1014, 1014 [4th Dept 2003], lv denied 100 NY2d 565 [2003]). Inasmuch as defense counsel "merely set forth conclusory allegations of defendant's lawful behavior and of the absence of any justification for the police to stop, pursue, and arrest defendant, the defense failed to raise any factual issue requiring a suppression hearing" (Davis, 142 AD3d at 1388; see Smith, 207 AD3d at 1067; People v King, 137 AD3d 1572, 1573 [4th Dept 2016], lv denied 27 NY3d 1134 [2016]; see generally Mendoza, 82 NY2d at 426-434).
Contrary to defendant's further contention in appeal No. 2, we conclude that, notwithstanding the alternative request in defendant's omnibus motion for a Darden hearing, the court did not err in ruling that "no hearings w[ould] be required" inasmuch as defendant's motion papers did not set forth a factual basis to warrant a Darden hearing (see People v Seecoomar, 174 AD3d 1154, 1155 [3d Dept 2019], lv denied 34 NY3d 1019 [2019], reconsideration denied 34 NY3d 1162 [2020]; People v Brown, 167 AD3d 1331, 1333 [3d Dept 2018]; see generally Mendoza, 82 NY2d at 421-422).
Finally, in view of our determination affirming the judgment in appeal No. 2, we reject defendant's contention that the judgments in appeal Nos. 1 and 3 must be reversed on the ground that he pleaded guilty in those appeals based on the promise that the sentences therein would run concurrently with the sentence in appeal No. 2 (see People v Roig, 117 AD3d 1462, 1463 [4th Dept 2014], lv denied 23 NY3d 1042 [2014]; People v Khammonivang, 68 AD3d 1727, 1727-1728 [4th Dept
2009], lv denied 14 NY3d 889 [2010]; cf. People v Fuggazzatto, 62 NY2d 862, 863 [1984]).
Entered: December 23, 2025
Ann Dillon Flynn
Clerk of the Court