■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL HAMLET, Appellant. [642 NYS2d 254] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered May 23, 1994, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to consecutive terms of $4^3/_4$ to $9^1/_2$ years and 2 to 4 years, respectively, unanimously affirmed.

Defendant's challenges to the opening, the summation, and the introduction of evidence are mostly unpreserved and, in any event, entirely without merit. The background evidence of

the role of various participants in a typical street-level drug transaction was properly admitted as probative of contested issues in the case (*People v Torres*, 204 AD2d 131, *lv denied* 84 NY2d 833; *People v Kelsev*, 194 AD2d 248, 251-252).

The court's instructions on identification and reasonable doubt were proper.

Defendant's claim that the court, as well as counsel, misapprehended the court's discretion under Penal Law § 70.25 (2-b), upon a finding of mitigating circumstances, to avoid the legislatively mandated imposition of consecutive terms when one of the convictions was committed while the defendant was released on bail, cannot be reviewed upon a record containing no motion to withdraw the challenged plea and no challenges to counsel's failure to seek concurrent sentences. If we were to review, we would hold that the sentencing court does not have an independent obligation, in the first instance, to make findings of the presence or absence of mitigating circumstances, and that if the claim is not raised then the sentences must be consecutive.

We have considered defendant's remaining contentions and find them to be without merit. Concur—Milonas, J. P., Wallach, Rubin, Kupferman and Mazzarelli, JJ.