■ In the Matter of JAMES F. OLIVIERO, a Suspended Attorney. [671 NYS2d 969] —Motion to confirm the Hearing Panel's Report and Recommendation granted and petitioner reinstated as an attorney and counselor-at-law in the State of New York, effective immediately. No opinion. Concur—Sullivan, J. P., Nardelli, Rubin, Williams and Saxe, JJ.

(March 19, 1998)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BUTLER, Also Known as DONALD WASHINGTON, Also Known as WILLIAM GREEN, Appellant. [670 NYS2d 440] —Judgments, Supreme Court, Bronx County (Richard Price, J.), rendered April 9, 1996, convicting defendant, after a nonjury trial, of robbery in the first degree and reckless endangerment in the first degree, and convicting him, upon his plea of guilty, of grand larceny in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years and 2½ to 5 years and a consecutive term of 1½ to 3 years, respectively, unanimously affirmed.

There was legally sufficient evidence of defendant's guilt and the verdict was not against the weight of the evidence. We see no reason to disturb the credibility determinations of the trier of fact. Contrary to defendant's argument, we find that there was ample evidence supporting the elements of reckless endangerment.

Defendant has not preserved his claim of impropriety in the sentencing procedure and we decline to review it in the interest of justice. Were we to review this claim, we would find that defendant's contention that defense counsel and the sentencing court were not aware of the mitigation provisions of Penal Law § 70.25 (2-b), and thus failed to consider defendant's possible eligibility for concurrent sentencing, is not supported by the record. Moreover, "the sentencing court does not have an independent obligation, in the first instance, to make findings of the presence or absence of mitigating circumstances, and that if the claim is not raised then the sentences must be consecutive" (*People v Hamlet*, 227 AD2d 203, 204, *lv denied* 88 NY2d 1021).

In any event, no mitigating factors warranting concurrent sentencing were present. We further conclude that defendant received effective assistance of counsel and we perceive no abuse of sentencing discretion. Concur—Lerner, P. J., Sullivan, Rosenberger, Nardelli and Andrias, JJ.