■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WAYNE SMITH, Respondent. [721 NYS2d 311] —Order, Supreme Court, Bronx County (Robert Straus, J.), entered on or about October 8, 1999, which granted defendant's motion to suppress physical evidence and a statement made to the police, unanimously reversed, on the law, the motion denied, and the matter remanded for further proceedings.

On August 9, 1998, at 3:30 A.M., two plainclothes officers on patrol in an unmarked car observed a vehicle in the far right lane of the road in front of them abruptly cross two lanes and make a left hand turn, without signaling. The officers directed the driver to pull over. One officer approached the driver, advised him that he had been pulled over for an illegal turn, and directed him to produce his license, registration and insurance card. The driver did not comply immediately. The second officer approached defendant, who was slouched in the front passenger's seat with his hands at his sides. Concerned for his safety, the officer asked defendant to put his hands where the officer could see them. Defendant did not comply. The officer then opened the passenger side of the vehicle, and asked defendant to get out.

The officer noticed that when defendant exited the car, he appeared fidgety and nervous, and was looking over his shoulder, as he stood facing the officer with his hands near his pockets. The officer again asked defendant to show him his hands, and he also asked him if he possessed any weapons. Defendant replied that he did not have any weapons, but he did not produce his hands. According to the findings of the hearing court, the officer, who testified that he feared for his safety then, "took hold of the defendant's arms below the elbows and raised them up to move the defendant's hands away from his pockets." He testified that before he raised the defendant's arms he was unable to completely see the defendant's hands.

Defendant next ran toward the officer, pushing him in the chest in an effort to escape. The officer grabbed defendant in a bear hug and called his partner for assistance. The partner responded, and observed a heavy L-shaped object in defendant's right rear pocket which he believed to be a gun. As defendant remained in the bear hug, the partner removed the gun. The officers were eventually able to subdue defendant following the use of mace, and they arrested him. At the precinct, *Miranda* warnings were administered to defendant. He then stated that the gun was not his; that he had borrowed it.

Crediting the officers' testimony, the motion court granted defendant's motion to suppress both the weapon and his statement. The court specifically found that the officer's actions of holding the defendant's arms and removing them from his pockets was an unreasonable seizure and frisk, because the officer did not have an "articulable basis for believing that the defendant had committed or was about to commit a crime or that he was armed." Because we find that the officer's fear for his safety warranted moving defendant's hands away from his pockets, we reverse.

Any inquiry into the reasonableness of police conduct must weigh the degree of intrusion against the precipitating and attending circumstances (*see, People v Salaman*, 71 NY2d 869, 870; *People v De Bour*, 40 NY2d 210, 223). Here, it was 3:30 A.M., and the officer was faced with an uncooperative, nervous, fidgety individual who refused two requests that he produce his hands or move them away from his pockets, an area where a weapon is commonly concealed. We find this limited intrusion not only justified to enable the officer to "pursue [the] investigation without fear of violence" (*People v Stroller*, 42 NY2d 1052, 1053; *see, People v Minaya*, 245 AD2d 238, 239), but also proportionate to the officer's stated desire to neutralize the threat of physical harm (*see, People v Gil*, 211 AD2d 99, 102, *lv dismissed* 87 NY2d 843 [noting significant statistics on shootings of police during routine vehicular stops]). Concur—Nardelli, J. P., Tom, Mazzarelli, Ellerin and Rubin, JJ.