■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT WIGFALL, Appellant. [744 NYS2d 373] —Judgment,

Supreme Court, New York County (Harold Beeler, J., at suppression hearing and motion for new hearing; John Cataldo, J., at plea and sentence), rendered September 13, 2000, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to a term of 12 years to life, unanimously affirmed.

Defendant's motion to suppress was properly denied. After seeing the officers' vehicle, defendant twice reversed his direction while continually looking over his shoulder at the vehicle, and, making eye contact with the police, entered a White Castle restaurant. He left a few minutes later without any food and after leaving his apparently heavy, black plastic bag in the restaurant. Police suspicion was heightened when, prior to any police inquiry or action, defendant approached the officers' vehicle with his hands raised, declaring that he had done nothing wrong and adding, "I ain't got nothing" (*see, People v Blyden*, 239 AD2d 301, *lv denied* 90 NY2d 891). While each of defendant's actions, viewed in isolation, might be considered equivocal to some, when taken as a whole, they clearly indicated that defendant, conscious of the police presence, was trying to distance himself from some sort of contraband.

Accordingly, the police had a founded suspicion that criminality was afoot, giving rise to a common-law right of inquiry (*see, People v Hazel*, 194 AD2d 440, *lv denied* 82 NY2d 755). The record supports the court's finding that the officer's simple gesture in conjunction with his question to defendant, which resulted in physical contact with defendant, was neither threatening nor intrusive and consequently did not transform the encounter into a seizure. Defendant's decision to flee without responding to the officer's question, when considered with the prior circumstances, gave rise to a reasonable suspicion of criminal activity, justifying pursuit (*see, People v Sierra*, 83 NY2d 928; *People v Velasquez*, 217 AD2d 510, *lv denied* 87 NY2d 852). When the police saw defendant discard a gun during his flight, they had probable cause to arrest him.

The hearing court properly denied defendant's application for a new suppression hearing, made on the ground that defendant's original attorney failed to provide effective assistance. The record establishes that defendant received meaningful representation (*see, People v Benevento*, 91 NY2d 708, 713-714; *see also, People v Hobot*, 84 NY2d 1021, 1024). At the hearing, defense counsel vigorously pursued suppression and cross-examined the People's witnesses extensively, and his choice of arguments in favor of suppression was appropriate. Defendant's claim that the result of the hearing might have

been different had his counsel called defendant as a witness, called certain other witnesses, and/or pursued additional lines of impeachment of the officers is highly speculative and therefore rejected. Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.