■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TROY STEINBERGIN, Appellant. [771 NYS2d 647]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered May 1, 2002, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.

The court properly denied defendant's motion to suppress. As defendant concedes, the officers had the right to approach him to tell him to turn down the music that was blaring from a car he was near. When he responded to their approach by looking toward them, suspiciously tucking the side of his thick "bubble jacket" into his waistband and walking away, the officers had, at the very least, an objective, credible reason to approach for information (see *People v Powell*, 246 AD2d 366 [1998], *appeal dismissed* 92 NY2d 886 [1998]). When he walked away, the officers were justified in following him since they were not engaged in pursuit, but in surveillance, which does not require reasonable suspicion (*People v Thornton*, 238 AD2d 33, 35 [1998]). Before the officers asked him any questions, defendant tucked his jacket into his waistband two more times while looking back at the officers, and, without any inquiry from the officers, volunteered that he did not have a gun. When taken as a whole, defendant's actions provided the police (who were also aware of a report of shots fired only moments before in the vicinity) with reasonable suspicion (see *People v Wigfall*, 295 AD2d 222 [2002], *lv denied* 99 NY2d 540 [2002]), justifying the officer's placement of his hand over defendant's to prevent him from removing whatever he was concealing in his waistband (see *People v Smith*, 280 AD2d 340 [2001], *lv denied* 96 NY2d 835 [2001]). When de-

fendant then fled, the officers had the right to pursue and detain him. Since he had his hand in his pocket upon being detained, the officer properly grabbed his hand (*see People v Benjamin*, 51 NY2d 267 [1980]; *People v Giles*, 223 AD2d 39 [1996], *lv denied* 89 NY2d 864 [1996]). The police subdued defendant after a struggle, and noticed glassine envelopes on the ground near defendant, thus providing probable cause to arrest him (*see People v Batista*, 261 AD2d 218 [1999], *lv denied* 94 NY2d 819 [1999]) and to conduct a search incident to that arrest.

We perceive no basis for a reduction of sentence. Concur—Nardelli, J.P., Saxe, Lerner and Marlow, JJ.