■ The People of the State of New York, Respondent, v Charles Cherry, Appellant. [816 NYS2d 450]—

Judgment, Supreme Court, New York County (John Cataldo, J., at suppression hearing; Charles H. Solomon, J., at nonjury trial and sentence), rendered October 26, 2004, convicting defendant of criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to an aggregate term of 10 years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). The conduct of defendant and his companions in peering through a store window late at night, and entering the store separately, where they engaged the clerk in animated conversation, provided the officers, who had been viewing their activity, with a founded suspicion that criminal activity was afoot, justifying a common-law inquiry of the clerk, and of the group including defendant, in order to ascertain what was transpiring. This founded suspicion was reinforced when defendant immediately denied knowing the other individuals and tried to exit the store quickly by brushing

past one of the officers. Accordingly, the officer was justified in raising his hand to stop defendant from leaving the store until the police could ascertain whether a robbery was transpiring. This reasonable minimal intrusion (*see People v Bora*, 83 NY2d 531, 535-536 [1994]; *People v Wigfall*, 295 AD2d 222 [2002], *lv denied* 99 NY2d 540 [2002]; *see also People v De Bour*, 40 NY2d 210, 221 [1976]), resulted in the officer making body contact and detecting a gun on defendant's person.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. There is no basis for disturbing the trial court's determinations concerning credibility. The court properly applied the permissive inference of unlawful intent under Penal Law § 265.15 (4) to the evidence, and defendant's constitutional argument is without merit. Concur—Buckley, P.J., Mazzarelli, Saxe, Williams and McGuire, JJ.