THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALLACE STEVENSON, Appellant. [867 NYS2d 56]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered March 23, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a weapon in the third degree, and sentencing him to an aggregate term of five years, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations, which are supported by the record (*see People v Prochilo*, 41 NY2d 759, 761 [1977]). Police officers responded to an anonymous report that there was an undescribed man with a gun a block away from their location. Almost immediately, they observed defendant, who was running toward them from the described location, looking over his shoulder, and carrying a clear bag that contained what appeared to be possible narcotics packaging material. At this point, the police had ample basis for a level two common-law inquiry (*see People v De Bour*, 40 NY2d 210, 223 [1976]). When an officer tried to block defendant's path and get him to stop, this did not transform the inquiry into a seizure requiring reasonable suspicion (*see People v Rod-*

*riguez*, 49 AD3d 431 [2008], *lv denied* 10 NY3d 964 [2008]; *People v Cherry*, 30 AD3d 185, 185-186 [2006], *lv denied* 7 NY3d 811 [2006]; *People v Grunwald*, 29 AD3d 33, 38-39 [2006], *lv denied* 6 NY3d 848 [2006]). Defendant refused to stop, continued running, threw the bag over the officer's head and crashed into him, resulting in a struggle. At this point, the totality of the chain of events provided reasonable suspicion of criminality, warranting a frisk that revealed a firearm. It is of no moment that defendant's flight was toward the officer, in an effort to get past him, especially since defendant was also discarding the bag; defendant was clearly attempting to evade the officer and distance himself from possible contraband (*see People v Wigfall*, 295 AD2d 222 [2002], *lv denied* 99 NY2d 540 [2002]; *see also People v Wells*, 14 AD3d 320 [2005], *affd* 7 NY3d 51 [2006]). In addition, the bag, which was later found to contain cocaine, was legally seized after defendant abandoned it (*see People v Reyes*, 83 NY2d 945 [1994]). Accordingly, there is no basis for suppression of the weapon, the drugs, or defendant's postarrest statements. Concur—Lippman, P.J., Mazzarelli, Williams, Buckley and Renwick, JJ.