■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHANN BECOATE, Appellant. [873 NYS2d 624]—

Judgment, Supreme Court, New York County (Robert H. Straus, J.), rendered April 13, 2007, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony drug offender, to a term of 5½ years, unanimously affirmed.

The court properly denied defendant's suppression motion. It is undisputed that, based on information that defendant may have been selling drugs, the police had at least a founded suspicion of criminality that entitled them to make a common-law inquiry. The record supports the court's finding that the police did not exceed the proper scope of such an inquiry. It was permissible for the officers, who did not draw their weapons, to approach defendant, follow him across a street, position themselves with one officer in front of defendant and the other behind him, direct him to stop, and ask him if he had anything on him; none of this conduct elevated the encounter to a seizure requiring reasonable suspicion (*see e.g. People v Stevenson*, 55 AD3d 486 [2008]; *People v Joseph*, 38 AD3d 403, 404 [2007], *lv denied* 9 NY3d 866 [2007]; *People v Grunwald*, 29 AD3d 33, 38-39 [2006], *lv denied* 6 NY3d 848 [2006]). Defendant's admission that he possessed marijuana provided probable cause for his arrest.

In view of the foregoing, we find it unnecessary to decide whether the People's alternate theory that the police had reasonable suspicion justifying a seizure is properly before this Court. Concur—Saxe, J.P., Catterson, McGuire, Moskowitz and Acosta, JJ.