■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DORIAN FACEN, Appellant. (Appeal No. 1.) [897 NYS2d 347]—

Appeal from a judgment of the Supreme Court, Erie County (M. William Boller, A.J.), rendered April 18, 2008. The judgment convicted defendant, upon his plea of guilty, of attempted criminal sale of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon his plea of guilty of attempted criminal sale of a controlled substance in the third degree (Penal Law §§ 110.00, 220.39 [1]) and, in appeal No. 2, he appeals from a judgment convicting him upon his plea of guilty of attempted assault in the second degree (§§ 110.00, 120.05 [2]). We reject the contention of defendant in each appeal that Supreme Court erred in adjudicating him a second felony offender. It is well settled that, in the context of a hearing conducted pursuant to CPL 400.21, the People have the burden of proving beyond a reasonable doubt the existence of the previous felony conviction (*see People v Harris*, 61 NY2d 9, 15 [1983]) and, once they have met that burden, "it is then incumbent upon the defendant to allege and prove the facts underlying [a] claim [by the defendant] that the conviction was unconstitutionally obtained" (*id.*; *see People v Lewis*, 261 AD2d 908 [1999], *lv denied* 93 NY2d 973 [1999]). Upon our review of the record, we conclude that defendant failed to establish that the plea giving rise to the prior felony conviction was unconstitutionally obtained on the ground that he was not informed of the imposition of postrelease supervision (*see generally People v Catu*, 4 NY3d 242 [2005]).

Contrary to the further contention of defendant in each appeal, the record establishes that his waiver of the right to appeal was voluntary, knowing and intelligent (*see People v Grimes*, 53 AD3d 1055, 1055-1056 [2008], *lv denied* 11 NY3d 789 [2008]). That valid waiver encompasses his challenge to the severity of the sentence imposed in appeal No. 1 (*see People v Lopez*, 6 NY3d 248, 256 [2006]).

Finally, we note that the certificate of conviction with respect to appeal No. 1 incorrectly reflects that defendant was convicted of criminal sale of a controlled substance in the third degree under Penal Law § 220.39 (1), and it must therefore be amended to reflect that he was convicted of attempted criminal sale of a controlled substance under Penal Law §§ 110.00 and 220.39 (1) (*see People v Martinez*, 37 AD3d 1099, 1100 [2007], *lv denied* 8 NY3d 947 [2007]). Present—Smith, J.P., Carni, Pine and Gorski, JJ.