Judgment, Supreme Court, New York County (Marcy L. Kahn, J.), rendered May 25, 2012, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to a term of six years, unanimously affirmed.
The court properly denied defendant’s suppression motion. Late at night, in a particularly robbery-prone area, the police saw defendant and his two companions engaging in a pattern of movements that was sufficiently unusual to attract the officers’ attention (see People v Ocasio, 85 NY2d 982, 985 [1995]), even if “not necessarily indicative of criminality” (People v McIntosh, 96 NY2d 521, 525 [2001]). Accordingly, the record supports the hearing court’s finding that the police had an objective credible reason to approach the men to request information.
In any event, at this point, regardless of their subjective intentions, the police did nothing more than stop their car and get out. Defendant and a companion turned and fled immediately upon seeing the plainclothes officers, who reasonably believed they had been recognized as the police (see People v Collado, 72 AD3d 614 [1st Dept 2010], lv denied 15 NY3d 850 [2010], and cases cited therein). As defendant ran, other members of the police team, who were in another car, saw defendant “clutching” at his waistband in a manner that indicated the presence of a weapon. The officers gave detailed testimony establishing that, based on their experience, defendant clearly appeared to have a firearm in his waistband, even though the officers could not see a weapon. Based on all these factors, the police had reasonable suspicion of criminality justifying their pursuit of defendant (see People v Stephens, 47 AD3d 586, 588-589 [1st Dept 2008], lv denied 10 NY3d 940 [2008]). The record fails to support defendant’s assertion that the police were already chasing defendant before making the observations regarding his waistband.
Therefore, the weapon defendant discarded in the course of his flight was lawfully obtained. The record also supports the court’s alternative finding that defendant’s independent act of discarding the weapon during the chase was a strategic, calculated decision and not a spontaneous reaction to police *426 activity (see People v Boodle, 47 NY2d 398, 402 [1979], cert denied 444 US 969 [1979]).
Concur—Mazzarelli, J.E, Renwick, Feinman, Gische and Kapnick, JJ.