THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD R., Appellant. [8 NYS3d 282]—

Judgment, Supreme Court, New York County (Lawrence Marks, J., at hearing; Gregory Carro, J., at plea and sentencing), rendered December 1, 2010, convicting defendant of criminal possession of a controlled substance in the fifth degree, adjudicating him a youthful offender, and sentencing him to a conditional discharge, unanimously affirmed.

The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations.

After seeing defendant remain in the vestibule of a public housing building for more than five minutes, with no circumstances explaining his presence, the police possessed an objective, credible reason to ask him whether he lived there or "had business" there (*see People v Wighfall*, 55 AD3d 347 [1st Dept 2008], *lv denied* 11 NY3d 931 [2009]). When defendant responded only that he was from Queens, with no indication that he was a resident or the guest of a resident, the police possessed, at the very least, founded suspicion of criminality, i.e., trespassing (*see id.*). Accordingly, their request that defendant step outside the vestibule so that they could talk to him was justified, and the encounter was not elevated to a seizure (*see e.g. People v Francois*, 61 AD3d 524, 525 [1st Dept 2009], *affd* 14 NY3d 732 [2010]).

When defendant suddenly reached into his jacket pocket, the

officer acted reasonably in grabbing defendant's hand, which was found to contain drugs. This effort "to prevent defendant from possibly drawing a weapon" was a "minimal self-protective measure" (*People v Wyatt*, 14 AD3d 441, 441-442 [1st Dept 2005], *lv denied* 4 NY3d 837 [2005]).

We have considered and rejected defendant's remaining arguments. Concur—Tom, J.P., Friedman, Renwick, Moskowitz and DeGrasse, JJ.