THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WALDE VIZCAINO, Appellant. [50 NYS3d 38]—

Judgment, Supreme Court, New York County (Daniel P. Conviser, J.), rendered October 11, 2013, as amended October 15, 2013, convicting defendant, after a jury trial, of robbery in the first and second degrees, and sentencing him to concurrent terms of 10 and 6 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. Police, who undisputedly had a sufficient basis for a common-law inquiry of defendant based on their investigation of a robbery, entered defendant's apartment with the consent of another resident. After the resident who answered the door knocked on a bathroom door, defendant came out of the bathroom and complied with an officer's request to move to a position between two officers. Meanwhile, an officer told the victim that the police might have someone who matched the description, and then brought him to the apartment. While defendant was flanked on both sides by two officers, and other officers were nearby, the victim identified defendant as one of the robbers.

The record supports the conclusion that the police made a common-law inquiry, and not a seizure requiring reasonable suspicion. Notwithstanding the presence of several police officers, the request for defendant to move to the front of his apartment did not constitute a forcible stop or seizure (see People v Donald R., 127 AD3d 575 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]; see also People v Bora, 83 NY2d 531, 535 [1994]).

The showup identification procedure was not unduly suggestive, in light of the "close spatial and temporal proximity to the robbery, as the result of a single unbroken chain of events," and the fact that defendant was not physically restrained (People v Williams, 15 AD3d 244, 246 [1st Dept 2005], lv denied 5 NY3d 771 [2005]). Notwithstanding the presence of several police officers in or near the apartment, and an officer's statement to the victim that the police had someone who might

match the description provided by the victim, "the overall effect of the allegedly suggestive circumstances was not significantly greater than what is inherent in any showup" (*People v Brujan*, 104 AD3d 481, 482 [1st Dept 2013], *lv denied* 21 NY3d 1014 [2013]).

Defendant's ineffective assistance of counsel claims are unreviewable on direct appeal because they generally involve matters not reflected in, or fully explained by, the record (*see People v Rivera*, 71 NY2d 705, 709 [1988]). Therefore, since defendant has not made a CPL 440.10 motion, the merits of the ineffectiveness claims may not be addressed on appeal. Alternatively, to the extent the record permits review, we find that defendant received effective assistance under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *Strickland v Washington*, 466 US 668 [1984]). Accordingly, we find no basis for a remand for the purpose of reopening the suppression hearing in light of the victim's trial testimony, or any other remedy for the alleged ineffectiveness.

With regard to defendant's phone calls made while incarcerated, the only preserved argument is the claim that because an inmate handbook was only in English, it failed to provide notice that the calls would be recorded. That argument is unavailing, because defendant received two other forms of notice, one or both of which were in Spanish. Defendant's remaining contentions regarding the calls are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Friedman, J.P., Andrias, Gische and Webber, JJ.