People v Echols (2018 NY Slip Op 01268)





People v Echols


2018 NY Slip Op 01268


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


5810 2498/11

[*1]The People of the State of New York, Respondent,
v
Eddie Echols, Defendant-Appellant.


Rosemary Herbert, Office of the Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Brent Ferguson of counsel), for respondent.



Judgment, Supreme Court, New York County (Bonnie G. Wittner, J.), rendered June 6, 2013, as amended June 11, 2013, convicting defendant, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations.
Late at night in a high crime area, a plainclothes police officer who was trained and highly experienced in detecting concealed weapons noticed that defendant was walking with his left arm at a 90-degree angle with his left hand at his waistband, while his right arm was swinging normally. Although such a hand and arm position may have some innocent explanation, it is objectively suggestive of the presence of a firearm in the waistband, which the suspect is steadying or keeping in place with his hand (see e.g. People v White, 117 AD3d 425 [1st Dept 2014], lv denied 23 NY3d 1044 [2014]).
The officer noticed that defendant looked closely at the unmarked police car, made eye contact with the officers in it, dropped his left hand away from his waist, and turned around to watch the car pass him. Defendant then returned his left hand to his waistband and walked away quickly while looking back at the car. When the officers drove in reverse towards defendant, he looked back and walked away even faster. When the car backed alongside defendant, and as one officer began to get out of the car, defendant made a spontaneous statement to the effect of "I didn't do anything." That statement made little or no sense unless defendant realized he was in the presence of the police.
Defendant immediately fled, again holding his waistband with his left hand. Defendant's flight, combined with everything that preceded it, gave the trained and experienced officer grounds to reasonably suspect that defendant was carrying a weapon. This justified the officers' [*2]pursuit of defendant, which led to the recovery of a revolver after defendant surrendered it (see e.g. White, 117 AD3d at 425; People v Stephens, 47 AD3d 586, 588-589 [1st Dept 2008], lv denied 10 NY3d 940 [2008]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK