The People of the State of New York, Respondent, -
against
Kim L. Jackson, Appellant. 




Dutchess County Public Defender (Larwence D. King of counsel), for appellant.
Dutchess County District Attorney (Kirsten A. Rappleyea of counsel), for respondent.

Appeal from a judgment of the City Court of Beacon, Dutchess County (Timothy G. Pagones, J.), rendered September 7, 2016. The judgment convicted defendant, upon her plea of guilty, of criminal possession of a controlled substance in the seventh degree, and imposed sentence. The appeal brings up for review an order of that court dated July 27, 2016 denying defendant's motion to suppress evidence.




ORDERED that the judgment of conviction is affirmed.
Insofar as is relevant to this appeal, an accusatory instrument was filed in October 2015 charging defendant with criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). Following a hearing, the City Court denied defendant's motion to suppress evidence of crack cocaine recovered from her pocketbook, which was located inside of a vehicle she had been driving that had been stopped for, among other things, a traffic infraction. Thereafter, defendant pleaded guilty to criminal possession of a controlled substance in the seventh degree, and sentence was imposed. On appeal, defendant contends that her suppression motion should have been granted.
At the hearing, a police officer testified that he had observed defendant driving a vehicle in excess of the speed limit, and had observed a person sitting in the front passenger seat of the vehicle who was known to the officer to have an active warrant against him. As he was pulling the vehicle over, he observed defendant reach into the vehicle's center console. After the vehicle had stopped, the officer walked to the driver's side of the vehicle and asked defendant for her driver's license and registration, which she gave to the officer. The officer provided dispatch with defendant's information and was informed that there were no irregularities. The officer then went to the passenger's side of the vehicle, told the passenger to exit the vehicle, and had a conversation with the passenger, during which the officer observed defendant repeatedly reach into her pocketbook. After the officer arrested the passenger on the warrant and placed him in the police car, he asked defendant to exit the vehicle. The officer then asked defendant whether there were drugs in the vehicle, to which defendant "answered no, and you can go ahead and check." Upon searching defendant's pocketbook, which was located inside of the vehicle, the officer recovered crack cocaine and drug paraphernalia, and arrested defendant.
It is uncontroverted that the initial stop of defendant's vehicle was proper based on the police officer's observations of the excessive speed of the vehicle, and the front seat passenger who was known to the officer to have an active warrant against him (see People v Garcia, 20 NY3d 317, 324 [2012]; People v Banks, 85 NY2d 558, 562 [1995]; People v De Bour, 40 NY2d 210, 223 [1976]; People v Ingle, 36 NY2d 413, 419-420 [1975]). Upon a review of the record, we find that defendant's suppression motion was properly denied. Defendant's furtive acts of repeatedly reaching into her pocketbook gave the officer legitimate concerns for his safety, which justified the officer's further investigation and questioning of defendant (see People v Torres, 74 NY2d 224 [1989]; People v Alvarez, 308 AD2d 184 [2003]; People v Smith, 280 AD2d 340 [2001]). Defendant's unsolicited offer to the officer to search her vehicle constituted her voluntary consent to the search of her vehicle, including her pocketbook which was located therein (see e.g. People v Nelson, 266 AD2d 730 [1999]). 
Accordingly, the judgment of conviction is affirmed.
ADAMS, P.J., RUDERMAN and EMERSON, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: February 6, 2020