People v Dunbar (2020 NY Slip Op 02581)





People v Dunbar


2020 NY Slip Op 02581


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, NEMOYER, TROUTMAN, AND DEJOSEPH, JJ.


456 KA 18-01561

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NAARON DUNBAR, DEFENDANT-APPELLANT. (APPEAL NO. 1.)






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered July 21, 2017. The judgment convicted defendant, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a controlled substance in the third degree (Penal Law
§§ 110.00, 220.16 [1]). In appeal No. 2, defendant appeals from a judgment convicting him, upon his plea of guilty, of attempted criminal possession of a weapon in the second degree (§§ 110.00, 265.03 [3]). Defendant committed the crime in appeal No. 2 while released on bail for the charges underlying appeal No. 1. Even assuming, arguendo, that defendant's waivers of the right to appeal were invalid, we nevertheless reject his challenges to the judgment in each appeal.
Contrary to defendant's contention in appeal No. 1, County Court properly refused to suppress the drugs recovered from his bag at the time of his arrest for menacing. The warrantless search of defendant's bag was permissible "because the bag was within defendant's grabbable area at the time of the arrest and the police reasonably believed that he was armed" given the contemporaneous reports that he had just menanced someone with a handgun (People v Jimenez, 22 NY3d 717, 722 [2014] [emphasis added]; see People v Johnson, 59 NY2d 1014, 1016 [1983], affg 86 AD2d 165 [1st Dept 1982]; People v Wylie, 244 AD2d 247, 250-251 [1st Dept 1997], lv denied 91 NY2d 946 [1998]; see generally People v Gokey, 60 NY2d 309, 312-314 [1983]). Contrary to defendant's assertion, the fact that the bag was no longer within his immediate reach at the time of the search is irrelevant (see People v Smith, 59 NY2d 454, 459 [1983]). Contrary to defendant's further assertion, the fact that neither officer testified that he feared for his safety or that of the public does not control the applicability of the search incident to arrest doctrine (see People v Bowden, 87 AD3d 402, 405 [1st Dept 2011], appeal dismissed 18 NY3d 980 [2012]; People v Fernandez, 88 AD2d 536, 536 [1st Dept 1982]). Indeed, it is well established that the "officer need not affirmatively testify to the exigency" when defending the search of a closed container incident to arrest (People v Harris, 174 AD3d 185, 189 [1st Dept 2019], lv granted — AD3d — [Sept. 3, 2019]).
In appeal No. 2, defendant argues that the court erred in imposing the sentence in that case consecutively to the sentence in appeal No. 1. Under Penal Law § 70.25 (2-b), a court must impose a consecutive sentence for a crime committed while the defendant was released on bail unless certain mitigating circumstances exist, and defendant contends that such mitigating circumstances exist in this case.
Preliminarily, we note that defendant's argument is actually a claim of legal error by the sentencing court in deeming itself bound by Penal Law § 70.25 (2-b) to impose a consecutive sentence in appeal No. 2 (see People v Diaby, 172 AD3d 473, 474 [1st Dept 2019], lv denied 33 NY3d 1068 [2019]; see generally People v Garcia, 84 NY2d 336, 349 [1994]). Defendant's argument is not, as he characterizes it, a claim under CPL 470.15 (6) (b) that the sentence in appeal No. 2 is unduly harsh or severe. Defendant's argument is therefore subject to the preservation requirement (see People v Fernandez, 251 AD2d 142, 143 [1st Dept 1998], lv denied 92 NY2d 924 [1998]; see also People v Parks, 309 AD2d 1172, 1173 [4th Dept 2003], lv denied 1 NY3d 577 [2003]), and there is no dispute that the argument is unpreserved. Moreover, granting relief on defendant's unpreserved sentencing argument would frustrate the People's statutory right to "an opportunity to present relevant information to assist the [sentencing] court in making th[e] determination" regarding mitigating circumstances (Penal Law § 70.25 [2-b]).
In any event, defendant's claim of legal error is without merit. "[T]he sentencing court does not have an independent obligation, in the first instance, to make findings of the presence or absence of mitigating circumstances [under Penal Law § 70.25 (2-b)], and . . . if the claim is not raised [at sentencing] then the sentences must be consecutive" (People v Hamlet, 227 AD2d 203, 204 [1st Dept 1996], lv denied 88 NY2d 1021 [1996] [emphasis added]).
Finally, we note that the uniform sentence and commitment form in appeal No. 2 incorrectly states that defendant was convicted of criminal possession of a weapon in the second degree, and it must be amended to reflect defendant's conviction of attempted criminal possession of a weapon in the second degree (see People v Facen, 71 AD3d 1410, 1411 [4th Dept 2010], lv denied 15 NY3d 749 [2010], reconsideration denied 15 NY3d 804 [2010]).
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court