People v Johnson (2021 NY Slip Op 03150)





People v Johnson


2021 NY Slip Op 03150


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Ind No. 3458/16 3458/16 Appeal No. 13845 Case No. 2018-02970 

[*1]The People of the State of New York, Respondent,
v
Franklin Johnson, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Jan Hoth of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Philip Vyse Tisne of counsel), for respondent.



Judgment, Supreme Court, New York County (Mark Dwyer, J. at hearing; Daniel P. Conviser, J. at jury trial and sentencing), rendered December 12, 2017, convicting defendant of robbery in the third degree, and sentencing him, as a second felony offender, to a term of 3½ to 7 years, unanimously affirmed.
The verdict was based on legally sufficient evidence and was not against the weight of the evidence (see People v Danielson, 9 NY3d 342 [2007]). There is no basis for disturbing the jury's determinations concerning identification. The victim had ample opportunity to view her assailant, during a conversation that extended well beyond a brief demand for money. She gave a fairly accurate description, identified defendant in a prompt and reliable showup near the scene of the crime, and subsequently recognized defendant's voice coming from another part of the police station. Moreover, defendant's statement to the police had a circumstantial connection to a remark made by the robber to the victim.
The court properly denied defendant's suppression motion. The record supports the hearing court's finding that the police did not go beyond a common-law inquiry when they questioned defendant, while other police arrived with the victim. None of the police actions elevated the encounter to a level three seizure requiring reasonable suspicion (see People v Bora, 83 NY2d 531, 535 [1994]). Neither defendant's inappropriate citation to trial, rather than hearing, testimony (see People v Abrew, 95 NY2d 806, 808 [2000]), nor an officer's use of the word "stopped" in his testimony (see People v Brown, 22 AD3d 349 [1st Dept 2005], lv denied 6 NY3d 774 [2006]), nor the fact that a showup identification occurred during the encounter warrants a different conclusion.
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021