People v Townsend (2022 NY Slip Op 00738)





People v Townsend


2022 NY Slip Op 00738


Decided on February 03, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 03, 2022

Before: Manzanet-Daniels, J.P., Webber, Oing, Mendez, Higgitt, JJ. 


Ind No. 4775/17 Appeal No. 15232 Case No. 2019-5150 

[*1]The People of the State of New York, Respondent,
v
Kevin Townsend, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Benjamin Wiener of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Noreen M. Stackhouse of counsel), for respondent.



Judgment, Supreme Court, New York County (Michael J. Obus, J. at suppression hearing; Curtis J. Farber, J. at plea; Steven M. Statsinger, J. at sentencing), rendered March 15, 2019, convicting defendant of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of two to four years, unanimously affirmed.
The hearing court properly denied defendant's suppression motion. We find no basis for disturbing the court's credibility determinations (see e.g. People v McCray, 195 AD3d 555 [1st Dept 2021], lv denied 37 NY3d 1028 [2021]; People v Johnson, 194 AD3d 552 [1st Dept 2021]).
The record establishes that the police officers had a sufficient basis for a common-law inquiry of defendant. Once informed by an individual involved in an altercation with defendant that defendant had threatened her with a knife, the officers were more than justified in inquiring of defendant if he was in possession of a knife. Neither the presence of numerous officers or that defendant was escorted by the officers a short distance away from where the altercation occurred, elevated the encounter to a forcible stop or seizure requiring the administration of Miranda warnings (see People v Vizcaino, 148 AD3d 481, 481 [1st Dept 2017], lv denied 29 NY3d 1088 [2017]; People v Francois, 61 AD3d 524, 525 [1st Dept 2009], affd 14 NY3d 732 [2010]). Rather, the record establishes "that the police were still in the process of gathering information about the alleged incident prior to taking any action" (People v Dillhunt, 41 AD3d 216, 217 [2007], lv denied 10 NY3d 764 [2008]). As noted by the hearing court, the officer's inquiry as to defendant's possible possession of a knife was made to clarify the situation and to ensure the continued safety of himself, the other officers, and the public (see People v Wallace, 113 AD3d 413 [1st Dept 2014], affd 27 NY3d 1037 [2016]).
Defendant's claim that he was "effectively" denied counsel because his second attorney, who represented him for a short period of time, waived his right to testify before the grand jury without first notifying defendant is not reviewable on direct appeal. Absent a record on appeal that makes it "irrefutably" clear "that a right to counsel violation has occurred" the claimed violation may only be reviewed on a posttrial CPL 440.10 motion and not on direct appeal (People v McLean, 15 NY3d 117, 121 [2010]). The record before the Court is insufficient to show that a right to counsel violation has irrefutably occurred. In the alternative, to the extent the existing record permits review, we find that such claim is without merit. The determination of whether a defendant will or will not testify before the grand jury is a strategic determination properly made by counsel (People v Hogan, 26 NY3d 779, 786-787 [2016]). As the Court noted, while the better practice may be for counsel to consult with his or her client prior to making such a determination, a defendant cannot [*2]establish ineffective assistance of counsel based on counsel's decision without demonstrating that he or she wasprejudiced by that decision (Hogan, 26 NY3d at 787). Even where no strategy is involved, there must still be a showing of resultant prejudice (id.). Here, defendant has failed to show that he was prejudiced by counsel's determination to waive defendant's testimony before the grand jury. 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 3, 2022