People v Cooke (2023 NY Slip Op 02952)

People v Cooke

2023 NY Slip Op 02952

Decided on June 01, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 01, 2023

Before: Moulton, J.P., González, Mendez, Rodriguez, JJ. 

Ind. No. 460/15 Appeal No. 372 Case No. 2018-1722 

[*1]The People of the State of New York, Respondent,
v
Richard A. Cooke, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Harold V. Ferguson, Jr. of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stacie Nadel of counsel), for respondent.

Judgment, Supreme Court, New York County (Melissa C. Jackson, J.), rendered April 6, 2017, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 3½ years, unanimously affirmed.
The court properly denied defendant's suppression motion. There is no basis for disturbing the court's credibility determinations. The police had, at least, reasonable suspicion to stop and pat down defendant. The arresting detective knew defendant, based on prior investigations, including the prior execution of a search warrant, to be a person who was involved in drug trafficking and had access to weapons; he encountered defendant at night, in a housing project from which the detective believed defendant had been excluded as the result of his drug activity; and he saw defendant immediately reach down the front of his pants when the detective called his name. First, the detective had the requisite founded suspicion to support the right to inquire as to whether defendant was trespassing (see People v Donald R., 127 AD3d 575, 575 [2015], lv denied 25 NY3d 1162 [2015]). Then, the totality of the circumstances provided "an ample measure of reasonable suspicion necessary to justify the limited intrusion" (People v Benjamin, 51 NY2d 267, 271 [1980]) of a frisk. "It is quite apparent to an experienced police officer, and indeed it may almost be considered common knowledge, that a handgun is often carried in the waistband," and an officer need not "await the glint of steel before he can act to preserve his safety" (id.; see also Donald R., 127 AD3d at 575-576). Once the detective felt a hard object in defendant's pants, and after defendant told him that the object was marijuana, there was probable cause (see People v Smith, 275 AD2d 687 [1st Dept 2000], lv denied 95 NY2d 938 [2000]), and the drugs recovered from defendant's person were seized incident to a lawful arrest. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 1, 2023