People v Garcia (2024 NY Slip Op 05900)

People v Garcia

2024 NY Slip Op 05900

Decided on November 26, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 26, 2024

Before: Manzanet-Daniels, J.P., González, Scarpulla, Shulman, Higgitt, JJ. 

Ind. No. 638/20, 70277/22 Appeal No. 3111-3112 Case No. 2023-00723, 2023-00724 

[*1]The People of the State of New York, Respondent,
v
Ahmar Garcia, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Lena Janoda of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Paul A. Andersen of counsel), for respondent.

Judgments, Supreme Court, Bronx County (Dineen Riviezzo, J.), rendered February 1, 2023, as amended January 17, 2024, convicting defendant, upon his pleas of guilty, of criminal possession of a firearm and attempted robbery in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years for criminal possession of a firearm, and, as a second violent felony offender, to a consecutive term of 7 years to be followed by five years of postrelease supervision for attempted robbery in the first degree, unanimously affirmed.
Defendant made a valid waiver of his right to appeal, foreclosing appellate review of his claims that his sentences are excessive and that the mandatory surcharge and fees imposed on him at sentencing on the criminal possession of a firearm conviction, under indictment No. 638/20, should be vacated in the interest of justice (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]; People v Coleman, 209 AD3d 501, 501 [1st Dept 2023], lv denied 39 NY3d 1153 [2023]; People v Count C., 206 AD3d 496 [1st Dept 2022], lv denied 38 NY3d 1187 [2022]). As an alternative holding, defendant's claim that concurrent sentences are warranted under Penal Law § 70.25(2-b) is unpreserved where he failed to raise this claim before the sentencing court (see People v Hamlet, 227 AD2d 203, 204 [1st Dept 1996], lv denied 88 NY2d 1021 [1996]; see also People v Dunbar, 183 AD3d 1263, 1265 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]). Were we to review this claim, we would find no basis for reducing or modifying the sentences.
We note that the uniform sentence and commitment form in indictment No. 638/20 was amended January 17, 2024 to correctly reflect that defendant was sentenced under that indictment as a second felony offender, rendering moot his claim that the form must be corrected.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 26, 2024