People v Ruffin (2025 NY Slip Op 07230)

People v Ruffin

2025 NY Slip Op 07230

Decided on December 23, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 23, 2025

Before: Kennedy, J.P. SEQ CHAPTER \h \r 1, Kapnick, Rodriguez, Michael, Hagler, JJ. 

Ind. No. 74066/23, 72749/23|Appeal No. 5445-5446|Case No. 2024-04029, 2024-04037|

[*1]The People of the State of New York, Respondent,
v
Tyesheek Ruffin, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Luz Beato of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Russell A. Spivak of counsel), for respondent.

Judgment, Supreme Court, New York County (Robert M. Mandelbaum, J. at suppression hearing; Marisol M. Alonso, J. at plea and sentencing), rendered May 2, 2024, convicting defendant of attempted criminal possession of a weapon in the second degree, and sentencing him to a term of two years, and judgment, same court (Marisol M. Alonso, J.), rendered May 2, 2024, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree, and sentencing him to a consecutive term of three and one-half years, for an aggregate term of five and one-half years, unanimously affirmed.
Defendant validly waived his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses review of his challenge to the suppression ruling (see People v McCreary, 237 AD3d 412, 412 [1st Dept 2025], lv denied 43 NY3d 1047 [2025]).
As an alternative holding, we find that the court properly denied his suppression motion, and that there is no basis on which to disturb the court's credibility determinations. Defendant was observed with a group of others apparently trespassing in a location that was closed to all individuals at night, supplying the police with a founded suspicion of criminal activity (see People v Donald R., 127 AD3d 575, 575 [1st Dept 2015], lv denied 25 NY3d 1162 [2015]; see generally People v De Bour, 40 NY2d 210, 223 [1976]). The encounter was elevated by defendant's subsequent conduct (see e.g. People v Echols, 158 AD3d 575, 576 [1st Dept 2018], lv denied 31 NY3d 1081 [2018] [the "defendant was walking with his left arm at a 90-degree angle with his left hand at his waistband, while his right arm was swinging normally. Although such a hand and arm position may have some innocent explanation, it is objectively suggestive of the presence of a firearm in the waistband, which the suspect is steadying or keeping in place with his hand"]; People v White, 117 AD3d 425, 425 [1st Dept 2014], lv denied 23 NY3d 1044 [2014]). These circumstances, combined with the late hour and the location's history of firearm-related crime and gang activity, supplied the police with reasonable suspicion that defendant was engaging or had engaged in criminal activity, and justified his forcible stop and frisk (see People v Batista, 88 NY2d 650, 654 [1996]; People v Cooke, 217 AD3d 425, 425-426 [1st Dept 2023], lv denied 40 NY3d 1012 [2023]; People v Steinbergin, 4 AD3d 192, 192 [1st Dept 2004], lv denied 3 NY3d 648 [2004], cert denied 543 US 1159 [2005]).
The valid waiver also forecloses review of defendant's excessive sentence claim (see People v Nunez, 220 AD3d 597, 597 [1st Dept 2023], lv denied 41 NY3d 1004 [2024]). As an alternative holding, we find that defendant's claim that concurrent sentences are warranted under Penal Law § 70.25(2-b) is unpreserved where he failed to raise this claim before the sentencing court (see People v Hamlet, 227 AD2d 203, 204 [1st Dept 1996], lv denied 88 NY2d 1021 [1996]). In any event, we perceive no basis to reduce or modify the sentences.
.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 23, 2025